IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| **In re** | * | |
| **INNER HARBOR WEST LLC,** | * | Case No. 13-12198-RAG |
| | | (Chapter 11) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MOTION BY WESTPORT PROPERTY INVESTMENTS, LLC
TO CONTINUE ALL MATTERS SCHEDULED FOR
HEARING ON SEPTEMBER 12, 2014</u>

Westport Property Investments, LLC ("Westport"), by its undersigned attorneys, hereby files this Motion to Continue All Matters Scheduled for Hearing for September 12, 2014 (the "Motion"). Inner Harbor West, LLC (the "Debtor"), and the United States Trustee consent to the relief requested herein. In support of this Motion, Westport states the following:

### I.   Factual and Procedural Background

1. On February 8, 2013 (the "Petition Date"), C. Frye & Associates, LLC and Dixie Construction Co., two creditors of the Debtor, filed an involuntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The involuntary petition identifies this case as a single asset real estate case within the meaning of section 101(51)(B) of the Bankruptcy Code.

2. On February 19, 2013, the Debtor consented to the entry of an order for relief and moved to convert this case from chapter 7 to chapter 11 of the Bankruptcy Code. On March 4, 2013, this Court entered an order for relief and converted the case to chapter 11. Since conversion of the case, the Debtor has managed its affairs and remained in possession of its property as a debtor in possession.

3. On the Petition Date, the Debtor was indebted to Citigroup Global Markets Realty Corp. ("Citi") in the amount of at least $32,040,740 (the "Loan") pursuant to, among other things, a Promissory Note in the original principal amount of $30 million, a Loan Agreement dated July 16, 2007, and an IDOT Guaranty dated July 16, 2007. The Loan is secured by, among other things, a first priority lien against property owned by the Debtor located at 2841 Waterview Avenue and 2201 Kloman Street in Baltimore, Maryland pursuant to an Indemnity Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of July 16, 2007, and recorded in the Land Records of Baltimore City (the "IDOT"). The Promissory Note, the Loan Agreement, the IDOT Guaranty, the IDOT and all other documents evidencing the Loan are collectively referred to herein as the "Loan Documents."

4. On July 9, 2013 Citi filed a proof of claim in the Debtor's case, which is listed on the Claims Register for this case as Claim No. 1 (the "Claim"). On July 2, 2014, Citi transferred all of its right, title and interest in the Loan, the Loan Documents, and the Claim to Westport, and on July 9, 2014, Westport filed and served a notice of the assignment of the Claim (Docket No. 110). On July 10, 2014, Westport filed a motion seeking to be substituted for Citi in all pending contested matters to which Citi is a party (Docket No. 114) (the "Substitution Motion"), including the contested matters commenced by the Financing Motion and Lift Stay Motion (as those terms are hereinafter defined). Westport is represented by different bankruptcy counsel than represented Citi.

5. The deadline to object to the Substitution Motion was July 27, 2014, and, as of the date of this filing, no objections to the Substitution Motion have been filed.

6. On March 26, 2014, the Debtor filed an Emergency Motion for Interim Relief Authorizing the Debtor to Obtain Post-Petition, Secured, Super-Priority Financing for the

Purpose of Funding Expenses and Adequate Protection Payments (Docket No. 68) (the "Financing Motion"). Citi and the U.S. Trustee have filed objections to the Financing Motion (Docket Nos. 86 & 92) (collectively, the "Financing Objections").

7.  On April 3, 2014, Citi filed a Motion for Relief from the Automatic Stay (Docket No. 75) (the "Lift Stay Motion").

8.  On April 21, 2014, the United States Trustee filed a Motion seeking to convert or dismiss the Debtor's bankruptcy case (Docket No. 90) (the "Motion to Convert or Dismiss"). The Debtor has not filed a written opposition to the Motion to Convert or Dismiss.

9.  The Financing Motion, Financing Objections, the Lift Stay Motion, and the Motion to Dismiss or Convert currently are scheduled for a hearing on September 12, 2014 at 9:15 a.m.

## II. Request for Continuance of the Hearing on the Lift Stay Motion, the Financing Motion and the Motion to Convert or Dismiss Scheduled for September 12, 2014

10.  Since acquiring the Loan, counsel to the Debtor and Westport have engaged in discussions concerning alternatives to litigation. While Westport, at this point, has doubt as to whether a settlement can actually be reached in this matter, Westport wishes to fully explore those discussions before litigating the Lift Stay Motion and the Financing Motion.

11.  Continuing all matters scheduled for hearing on September 12, 2014 to the middle of October will permit the settlement discussions to reach their conclusion and will conserve judicial resources by avoiding potentially unnecessary litigation in this Court.

12.  Moreover, while Westport and its counsel have started preparing to litigate the Lift Stay Motion and Financing Motion scheduled for September 12, 2014, Westport and its counsel believe that the continuance would also benefit Westport by allowing its counsel additional time to prepare for the hearing.

13. More specifically, although the Debtor's written response to the Lift Stay Motion was due to be filed on May 2, 2014, the Debtor did not file a written response to the Lift Stay Motion until August 28, 2014, after various pleadings were filed related to the Debtor's failure to respond. The Debtor's response simply admitted or denied factual propositions and did not state what (if any) defenses the Debtor has to the Motion as required by Local Bankruptcy Rule 4001-1(d).

14. The Debtor and Westport reached an agreement with respect to the response to the Lift Stay Motion pursuant to which the Debtor filed an amended response to the Lift Stay Motion on September 3, 2014, stating what defense (if any) the Debtor has to the Lift Stay Motion.

15. As a result, Westport just learned which factual allegations in the Lift Stay Motion are disputed and which are not, and what defenses the Debtor believes it has to the Lift Stay Motion.

16. Westport believes the requested continaunce would also benefit the Court because the continuance will result in a more efficient and effective presentation of evidence by counsel to Westport, in the event the hearing actually must proceed in October. The parties propose that the hearing, if continued, be rescheduled for October 24, 2014.

17. While this is not the first continuance of the Lift Stay Motion and the Financing Motion, it is only the second continuance requested by Westport, which is a new party in this bankruptcy case, just having appeared in the case in early July 2014, after purchasing the Loan from Citi. Westport is not requesting this continuance for any improper purpose and believes that no creditors or parties in interest would be prejudiced by the requested continuance. Westport does not anticipate requesting further continuances.

### III.     Consent of Debtor and the United States Trustee

18. Counsel to the Debtor and the United States Trustee have authorized undersigned counsel to state that they consent to the continuance of the Lift Stay Motion, the Financing Motion, and the Motion to Dismiss or Convert as requested herein.

WHEREFORE, Westport Property Investments, LLC, requests that this Court continue the hearing on the Lift Stay Motion, the Financing Motion, and the Motion to Convert or Dismiss from September 12, 2014 to **October 24, 2014** or such other date and time in mid to late October convenient for the Court, and grant such other and further relief as is just and proper.

September 5, 2014.                          /s/ Matthew G. Summers
                                                              Timothy F. McCormack
                                                                  Federal Bar No. 03565
                                                             Matthew G. Summers
                                                                Federal Bar No. 26572
                                                             Ballard Spahr LLP
                                                             300 E. Lombard Street, 18th Floor
                                                            Baltimore, Maryland 21202
                                                            Tel: (410) 528-5679
                                                            Fax: (410) 361-8930
                                                            E-mail: summersm@ballardspahr.com

                                                            *Attorneys for Westport Property Investments, LLC*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 5th day of September, 2014, a copy of the foregoing Motion to Continue Hearing was served via this Court's ECF system and/or first-class mail, postage prepaid upon the following:

    Jeffrey M. Sirody, Esquire
    Jeffrey M. Sirody & Associates, P.A.
    1777 Reisterstown Road, Suite 360 E
    Baltimore, Maryland 21208

    Inner Harbor West, LLC
    c/o Neil J. Ruther
    29 West Susquehanna Avenue, Suite 610
    Towson, Maryland 21204

    Marc A. Ominsky, Esquire
    The Law Offices of Marc A. Ominsky
    Century Plaza Building
    10632 Little Patuxent Parkway, Suite 249
    Columbia, Maryland 21044

    Joseph J. Bellinger, Esquire
    Offit Kurman, PA
    300 East Lombard Street, Suite 2010
    Baltimore, Maryland 21202

    Citigroup Global Markets Realty Corp.
    c/o Matthew W. Oakey, Esquire
    Gallagher Evelius & Jones LLP
    218 North Charles Street, Suite 400
    Baltimore, Maryland 21202

    Stuart A. Krause, Esquire
    Nathan Schwed, Esquire
    Zeichner Ellman & Krause LLP
    1211 Avenue of the Americas
    New York, New York 10036

    Stuart Levine, Esquire
    Law Offices of Stuart Levine, LLC
    29 West Susquehanna Avenue
    Baltimore, Maryland 21204

Mark C. Fields, Esquire
Law Offices of Mark C. Fields
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

C. Frye & Associates
Attn: Cara A. Frye
1700 Beason Street
Baltimore, Maryland 21230

Contractors Services Inc.
3 Talbot Street, Suite 202A
Lutherville, Maryland 21093

Dixie Construction
260 Hopewell Road
Churchville, Maryland 21028

Rosenberg Martin Greenberg PC
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201

STV Engineering
7125 Ambassador Road, Suite 200
Baltimore, Maryland 21244

Urban Green Environmental LLC
P.O. Box 4869
Baltimore, Maryland 21211

Gerard A. Vetter, Esquire
Katherine A. Levin, Esquire
Office of the U.S. Trustee
Garmatz Federal Courthouse
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21202

/s/ Matthew G. Summers
Matthew G. Summers