IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| **In re** | * | |
| **INNER HARBOR WEST LLC,** | * | **Case No. 13-12198-RAG** |
| | | **(Chapter 11)** |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MOTION OF WESTPORT PROPERTY INVESTMENTS, LLC FOR
PROTECTIVE ORDER IN CONNECTION WITH NOTICES OF
DEPOSITION SERVED ON MATTHEW G. SUMMERS AND JOSEPH FANONE**</u>

Westport Property Investments, LLC, by its undersigned attorneys, moves for the entry of a protective order providing that the deposition of one of its trial attorneys, Matthew G. Summers, and the deposition of Joseph Fanone, not be had. In support of this motion, Westport Property Investments, LLC states:

**<u>Preliminary Statement</u>**

1. Because the opportunity to take the deposition of opposing counsel is fraught with the potential for abuse, courts have imposed strict limitations on such requests. Judge Mannes has warned, "[e]ncouragement of this type of deposition disrupts the adversarial system, lowers the standards of the profession, adds to the burdensome time and costs of litigation, and detracts from the quality of client representation." *In re Fotso*, 2006 WL 4482001 at \*2 (Bankr. D. Md. Nov. 27, 2006).

2. As a result, courts have essentially adopted a rebuttable presumption against such depositions and required parties seeking to depose an opposing attorney to demonstrate that: (1) no means exist to obtain the information other than to depose opposing counsel; (2) the information sought is rel[evant] and non-privileged; and (3) the information is critical to the

DMEAST #20365081 v1

preparation of the case. *Id.* (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Courts within the Fourth Circuit have stated that "the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987). Courts have also required that parties exhaust all other means of discovery before depositions of opposing counsel can be allowed. *Asbury v. Litton Loan Servicing, LP*, 2009 WL 973095 *1 (S.D. W. Va. April 9, 2009).

3. Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC,[1] the parties that have issued the deposition notices to Mr. Summers and Mr. Fanone, cannot meet this extremely high burden.

4. In connection with the notices of deposition issued to Mr. Summers, Gary Poretsky, counsel to Inner Harbor West LLC, has stated that he intends to depose Mr. Summers concerning his communications with Westport Property Investments, LLC. Similarly, with respect to the deposition of Mr. Fanone, Mr. Poretsky, indicated that he intends to depose Mr. Fanone concerning his communications with Carlyle Partners and CRP Westport Holdings, L.L.C. It is beyond question that these communications are privileged.[2]

5. It is clear that Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC are engaging in precisely the sort of activity that the high burden imposed upon parties seeking to depose opposing counsel is designed to prevent and protect against.

---

[1] Tom Fore and TideRock Holdings, LLC have not joined in the Motion to Disqualify. As a result, they lack standing to issue deposition notices or participate in depositions or other discovery in connection with the Motion to Disqualify.

[2] Further, with respect to Mr. Summers, to the extent that Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC seek to inquire about settlement discusionss, such is not relevant because such discussions are inadmissible pursuant to Fed. R. Evid. 408 and, in any event, such information can be obtained from another source-- e.g., their own attorneys.

6. Under the applicable standard and cases, this Court must act to protect the attorney-client privilege and should issue a protective order prohibiting the depositions of Mr. Summers and Mr. Fanone from proceeding.

**Factual Background**

7. On April 3, 2014, Citigroup Global Markets Realty Corp. ("Citi") brought its Motion for Relief from Automatic Stay (Dkt. No. 75) (the "Motion for Relief from Stay").[3]

8. On July 9, 2014, Westport Property Investments, LLC filed a notice of assignment of claim, evidencing the assignment of the claim to Westport Property Investments, LLC (Dkt. No. 111). In compliance with a directive issued by this Court, Westport Property Investments, LLC filed an amended notice of assignment of claim on September 10, 2014 (Dkt. No. 133). No objection to the notice of assignment of claim or the amended notice of assignment of claim has ever been filed with this Court.

9. On July 9, 2010, Timothy F. McCormack and Matthew G. Summers of the law firm Ballard Spahr LLP ("Ballard Spahr") entered their appearance as counsel for Westport Property Investments, LLC (Dkt. Nos. 112 and 113).

10. On July 10, 2014, Westport Property Investments, LLC filed its Motion for Substitution of Party (the "Substitution Motion"), seeking to be substituted for Citi with respect to the Motion for Relief from Stay and certain other matters pending before this Court. (Dkt. No.

---

[3] Inner Harbor West LLC ultimately did not file an opposition or response to the Motion for Relief from Stay until August 28, 2014, after Westport Property Investments, LLC filed a pleading with this Court seeking to have the Motion for Relief from Stay granted as unopposed (Dkt No. 119). Inner Harbor West LLC also did not pre-file and serve its exhibits in advance of the October 31, 2014 hearing on the Motion for Relief from Stay as required by Local Rules 4001-1(g) and 7016-1(c). The exhibits were due to be filed on October 24, 2014, and, as of the date hereof, no exhibits have been filed. Throughout this case, Inner Harbor West LLC has flaunted the rules of this Court, routinely ignoring deadlines and proper procedural practices.

114).  There was no opposition to that motion and it was granted by an Order entered September 16, 2014 (Dkt. No. 137).[4]

11. On September 9, 2014, this Court continued the hearing on the Motion for Relief from Stay and other matters to October 31, 2014 by consent of the parties (Dkt. No. 132).  This was at least the third time that the hearing on the Motion for Relief from Stay had been continued by consent since it was filed in April 2014.

### The Motion to Disqualify & Inner Harbor West LLC's
### Request to Take Discovery Thereon

12. Shortly before midnight on Tuesday, October 28, 2014, Inner Harbor West LLC filed a Motion to Disqualify Ballard Spahr as counsel for Westport Property Investments, LLC and Memorandum in Support thereof (the "Motion to Disqualify"), asserting that "[f]rom November, 2004 to the present, an attorney-client relationship has and continues to exist between Inner Harbor West LLC . . . and Ballard [Spahr LLP]".  (Dkt. No. 145).  The Motion to Disqualify was not verified or supported by any affidavit or evidence.

13. On October 30, 2014, Westport Property Investments, LLC filed a Memorandum in Opposition to Motion to Disqualify, supported by the affidavit of Joseph A. Fanone, and established that there is no current attorney-client relationship between Ballard Spahr and Inner Harbor West LLC and there are no grounds to disqualify Ballard Spahr from representing Westport Property Investments, LLC (Dkt. No. 150).

14. Inner Harbor West LLC appeared at the hearing on the Motion for Relief from Stay on October 31, 2014, and requested that the Court conduct a hearing on its Motion to Disqualify in advance of hearing the Motion for Relief from Stay.  Inner Harbor West LLC

---

[4] On October 30, 2014, even though Inner Harbor West LLC did not oppose the Substitution Motion, Inner Harbor West LLC filed a motion for reconsideration of the Order granting the Substitution Motion.  Westport Property Investments, LLC has timely opposed the Substitution Motion.

offered no witnesses and proffered no testimony whatsoever, but, instead, requested a postponement of proceedings. Over the objection of Westport Property Investments, LLC this Court postponed consideration of the Motion for Relief from Stay and scheduled hearings to consider the Motion to Disqualify and the Motion for Relief from Stay for November 21, 2014, at 2:00 p.m.; December 2, 2014, at 10:00 a.m.; and December 9, 2014, at 10:00 a.m. In connection with requesting the continuance on October 31, 2014, counsel to Inner Harbor West LLC did not make any indication that Inner Harbor West LLC intended to seek discovery in connection with the Motion to Disqualify.

15. Late in the day on Friday, October 31, 2014, Inner Harbor West LLC filed its Emergency Motion to Shorten Time to Respond to Discovery Requests, seeking to shorten the time for response to discovery requests to be propounded in connection with the Motion to Disqualify. (Dkt. No. 159). The actual discovery requests were not submitted with the motion. Westport Property Investments, LLC opposed the emergency motion (Dkt. No. 167) and this Court conducted a hearing on November 7, 2014.

16. At the November 7 hearing, Inner Harbor West LLC asserted that it cannot establish its allegation that "[f]rom November, 2004 to the present, an attorney-client relationship has and continues to exist between Inner Harbor West LLC . . . and Ballard [Spahr LLP]" without discovery from unidentified persons.

17. Over the objection of Westport Property Investments, LLC, this Court authorized discovery on the Motion to Disqualify only, directing Inner Harbor West LLC to propound its discovery on November 7, 2014, directing Westport LLC Property Investments, LLC to propound its discovery no later than Monday, November 10, 2014, and shortening the time for responses to written discovery to Tuesday, November 18, 2014. Inner Harbor West LLC neither

sought nor obtained an order shortening the time for noticing and conducting depositions or authorizing discovery on any issue beyond the Motion to Disqualify.

18. Inexplicably, counsel to Inner Harbor West LLC did not issue the notices of deposition until late in the afternoon on Friday, November 14, 2014, a week after the November 7, 2014 deadline established by this Court for serving discovery, and unilaterally selected the date and time for such depositions.

19. Kenneth Frank,[5] purported counsel to alleged creditors Tom Fore and TideRock Holdings, LLC also issued their notices of deposition on Friday, November 14, 2014, moments after Inner Harbor West did so, although the basis for Tom Fore and TideRock Holdings, LLC serving any discovery is unclear because they have not joined in the Motion to Disqualify and, thus, are not entitled to take or otherwise participate in discovery in connection with the Motion to Disqualify.

20. The decision of Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC, to unilaterally and untimely issue the deposition notices is puzzling because there was email correspondence between Mr. McCormack and Mr. Poretsky during the period November 4, 2014 through November 7, 2014, concerning deposition issues and scheduling. *See* **Exhibit A**. It was initially agreed that discovery issues, including deposition issues and deposition scheduling, would be discussed after the hearing on November 7, 2014. However, Mr. Poretsky left the courtroom immediately after the hearing, preventing that discussion from occurring.

---

[5] This is the same Mr. Frank to whom Inner Harbor West LLC's counsel purported to delegate all settlement discussions and who has been directing the course of this case behind the scenes. It is believed that Mr. Sirody and Mr. Poretsky have delegated many of their responsibilities as counsel to Inner Harbor West LLC to Mr. Frank, who has not been employed by the bankruptcy estate and could not be employed by the bankruptcy estate because he is not disinterested and may hold adverse interests. The last minute discovery served by Mr. Frank appears to be Mr. Frank's way to take control over depositions and discovery---- control that he is not entitled to have because he does not represent Inner Harbor West LLC.

21. As a result, counsel to Westport Property Investments LLC attempted to reach Mr. Poretsky by telephone and email concerning deposition scheduling. Those efforts were unsuccessful as Mr. Poretsky had already left for the day by 2:15 p.m. on that Friday. During the period November 7, 2014 through the time the deposition notices were issued, Mr. Poretsky made no further inquiry about the issues surrounding a deposition of Mr. Summers or Mr. Fanone or scheduling of the same.

22. Westport Property Investments, LLC now seeks a protective order pursuant to Rules 26(c) and 30(d)(4) of the Federal Rules of Civil Procedure, as incorporated herein by Bankruptcy Rules 7026 and 7030, providing that the depositions cannot be had.

## Argument in Support of a Protective Order

23. On Friday, November 14, 2014 (a full week after the November 7 deadline established by this Court for Inner Harbor West LLC to propound its discovery), Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC purported to serve via email a Notice of Deposition of Matthew G. Summers, see **Exhibits B & C**, and a Notice of Deposition of Joseph Fanone. See **Exhibit D & E**.

24. The Deposition Notices impermissibly seek to develop testimony entirely protected by the attorney-client privilege and/or the attorney work product doctrine, suffer from fatal procedural defects, and were propounded in bad faith and for purposes of harassment.

25. Courts have essentially adopted a rebuttable presumption against such depositions and required parties seeking to depose an opposing attorney to demonstrate that: (1) no means exist to obtain the information other than to depose opposing counsel; (2) the information sought is rel[evant] and non-privileged; and (3) the information is critical to the preparation of the case. *Id. (citing Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Courts

within the Fourth Circuit have stated that "the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987). Courts have also required that parties exhaust all other means of discovery before depositions of opposing counsel can be allowed. *Asbury v. Litton Loan Servicing, LP*, 2009 WL 973095 *1 (S.D. W. Va. April 9, 2009).

26. In connection with the notices of deposition issued to Mr. Summers, Gary Poretsky, counsel to Inner Harbor West LLC, has stated that he intends to depose Mr. Summers concerning his communications with Westport Property Investments, LLC. Similarly, with respect to the deposition of Mr. Fanone, Mr. Poretsky, indicated that he intends to depose Mr. Fanone concerning his communications with Carlyle Partners and CRP Westport Holdings, L.L.C. It is beyond question that these communications are privileged or not relevant (or both).

27. It is clear that Inner Harbor West LLC, Tom Fore, and TideRock Holdings, LLC are engaging in precisely the sort of activity that the high burden imposed upon parties seeking to depose opposing counsel is designed to prevent and protect against. The burden is on Inner Harbor West LLC, Tom Fore, and TideRock Holdings LLC to demonstrate otherwise in advance of such depositions proceeding. They cannot meet this burden.

28. Moreover, the notices suffer from numerous fatal procedural defects.

29. First, the notices are untimely and seek to conduct the depositions on less than reasonable notice. This Court imposed a deadline of Friday, November 7, 2014 for Inner Harbor West, LLC to propound all of its discovery. Inexplicably, Inner Harbor West LLC waited until late in the afternoon of Friday, November 14, 2014, a week after the Court imposed deadline, to

issue the Deposition Notices. As a result, the Deposition Notices were issued on less than three (3) business days' notice and should be denied as untimely under the express terms of this Court's order expediting discovery as well as denied as providing insufficient advance notice and preparation time to Mr. Fanone and Mr. Summers.

30. Second, the notices were issued for a date and time unilaterally selected by counsel to Inner Harbor West LLC despite repeated requests by Mr. McCormack that a call be had to discuss scheduling and despite a week passing without any contact from Mr. Poretsky concerning scheduling of and issues related to these depositions.

31. Third, neither Mr. Fanone nor Mr. Summers are parties to the contested matters in this bankruptcy case and, thus, service of a notice of deposition is ineffective to compel their testimony. The proper method to seek to compel testimony from non-parties is to personally serve them with a subpoena. *See* Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016. Inexplicably, Inner Harbor West LLC elected not to issue a subpoena or serve Mr. Fanone or Mr. Summers. In addition, because neither Mr. Fanone nor Mr. Summers live or maintain their principal place of business in the State of Maryland, Inner Harbor West LLC was required to provide each of them with checks for costs and mileage. Fed. R. Civ. P. 45(b)(3). Inner Harbor West LLC failed to do so.

32. Since the Motion to Disqualify was filed, counsel to Westport Property Investments LLC has repeatedly asserted that Inner Harbor West LLC's intention is simply to create distractions and delay. There could not be clearer proof of this intent than the decision to issue depositions notices to Mr. Summers and Mr. Fanone. The intention becomes even clearer in light of the fact that the deposition notices were issued a week after the court imposed deadline for doing so.

33. Pursuant to Federal Rules 26(c) (1) and 30(c)(3), as incorporated herein by Bankruptcy Rules 7026 and 7030, this Court has the power to enter a protective order to protect the attorney-client privilege, as well as to protect any party from annoyance, embarrassment, oppression or undue burden or expense and to halt at any time a deposition that is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or a party.

34. The deposition notices meets all of the criteria for the entry of a protective order and the parties seeking the deposition cannot meet the high burden of proof that must be met before opposing counsel may be deposed.

WHEREFORE, Westport Property Investments, LLC respectfully requests that a protective order be entered providing that the depositions of Matthew G. Summers and Joseph Fanone sought by Inner Harbor West LLC, Tom Fore, and Tiderock Holdings, LLC not be had; and that Westport Property Investments, LLC be granted such other and further relief as is just and equitable.

Dated:  November 18, 2014.                    Respectfully submitted,

/s/ Matthew G. Summers
Timothy F. McCormack
  Federal Bar No. 03565
Matthew G. Summers
  Federal Bar No. 26572
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Tel: (410) 528-5679
Fax: (410) 361-8930
E-mail:mccormackt@ballardspahr.com
             summersm@ballardspahr.com

*Attorneys for Westport Property Investments, LLC*

**CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 7026-1(F)**

I HEREBY CERTIFY that information contained in paragraph 21 and 22 about good faith efforts to resolve disputes concerning the depositions is true and correct and that, in light of the nature of the depositions sought and the attempt to invade the attorney client privilege involved herein, further efforts to resolve the discovery dispute would be futile.

/s/ Matthew G. Summers
Matthew G. Summers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2014, a copy of the foregoing Motion for a Protective Order was served via this Court's ECF system and/or first-class mail, postage prepaid upon the following:

>Jeffrey M. Sirody, Esquire
>Gary Poretsky, Esquire
>Jeffrey M. Sirody & Associates, P.A.
>1777 Reisterstown Road, Suite 360 E
>Baltimore, Maryland 21208
>
>Kenneth B. Frank, Esquire
>Kenneth B. Frank PA
>1808 Dixon Road
>Baltimore, Maryland 21202
>
>Katherine A. Levin, Esquire
>Office of the U.S. Trustee
>Garmatz Federal Courthouse
>101 West Lombard Street, Suite 2625
>Baltimore, Maryland 21202

>/s/ Matthew G. Summers
>Matthew G. Summers