Signed: November 25, 2014

**DENIED**
**The case was dismissed for the reasons stated at the November 21, 2014 hearing. The Motion is therefore denied as moot.**



ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE

**THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(BALTIMORE DIVISION)**

**In re:**

| | | |
|---|---|---|
| | * | |
| **IN RE: INNER HARBOR WEST, LLC** | | **Case No.: 13-12198** |
| | * | **Chapter 11** |
| **Debtor.** | | |
| | * | |

* * * * * * * * * * * * *

**INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION, SECURED, SUPER-PRIORITY FINANCING FOR THE PURPOSE OF FUNDING EXPENSES AND ADEQUATE PROTECTION PAYMENTS AND SCHEDULING A FINAL HEARING**

DENIED

This matter came before the Court on _________, 2014, to consider the Motion filed by INNER HARBOR WEST, LLC, pursuant to sections 105, 364(c)(1), 364(c)(2), and 364(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization (i) to obtain post-petition, secured, super-priority financing from Stein Investment Company ("Stein,") for the purpose of funding expenses and adequate protection payments to Citigroup Global Markets Realty Corp.

("Citi) (the "DIP Financing") and (ii) to schedule a final hearing on the relief requested herein (the "Motion").

WHEREAS, upon consideration of the Motion and the representations made to the Court, by the Debtor, Stein, and the Office of the United States Trustee, Notice of the Motion and Interim Hearing having been given to Stein, Citi, the Office of the United States Trustee and the Debtor's twenty largest creditors, and the Court having conducted an interim hearing to consider the relief requested in the Motion on ___ ____, 2014, at _____ a.m./p.m., and upon the record of the hearing, and after due deliberation thereon, and good and sufficient cause appearing for the requested relief,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. That Debtor, INNER HARBOR WEST, LLC (the "Debtor") was filed against for relief under Chapter 7 of the Bankruptcy Code on February 8, 2013 and was converted to Chapter 11 on March 4, 2013.

B. The notice given by the Debtor of the Motion constitutes due and sufficient notice of the Motion and of the Interim Hearing.

C. IHW does not have sufficient funds to fund expenses and adequate protection payments to Citi.

D. Stein has agreed to loan the Debtor funds to fund payroll subject to obtaining a first priority perfected priming lien on and security interest in the Debtor's real property. The DIP Financing is necessary on an interim basis to allow the Debtor to administer the case and provide adequate protection payments to Citi.

E. Given the Debtor's current financial condition and circumstance, the Debtor is

DENIED

unable to obtain sufficient unsecured credit allowable under Bankruptcy Code section 503(b) as an administrative expense.

F. Any liens and security interests asserted by Citi shall be subordinated to the DIP Financing provided by Stein in all respects.

G. The DIP Financing has been negotiated by the Debtor and Stein in good faith within the meaning of §364(e) of the Bankruptcy Code and any credit extended and loans made to the Debtor pursuant to the DIP Financing shall be deemed to have been extended, issued or made in good faith by Stein as required by and within the meaning of Bankruptcy Code §364(e).

H. The terms of the DIP Financing are fair and reasonable, reflect prudent exercise of business judgment by the Debtor and Stein and are supported by reasonably equivalent value and fair consideration.

I. Immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b) and (c) is necessary to avoid immediate and irreparable harm to the Debtor and the estate.

J. This Court concludes that entry of this Order is in the best interests of the Debtor's estate, and its creditors and its implementation will provide the Debtor with sufficient funds to pay expenses and provide adequate protection payments.

Based on the foregoing findings and conclusions, it is hereby

ORDERED that:

1. This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. The Motion is GRANTED on an interim basis to the extent set forth herein.

DENIED

3. Pending the Final Hearing, the Debtor is authorized to obtain credit and borrow from Stein in accordance with the terms of this Order in the amount of $600,000 to fund expenses and adequate protection payments (the "DIP Financing").

4. The DIP Financing shall accrue interest at a fixed rate of 11.00% per annum plus two points until paid in full.

5. In consideration of the financial accommodations to be made by Stein under the terms of this Order, and as collateral security for the timely and full repayment of the DIP Financing, Stein is hereby granted effective immediately and without the necessity of filing or recording any financing statements, deeds of trust, notices of lien or similar instruments shall have a superpriority administrative a superpriority administrative claim against the Debtor's real property (the "Collateral") pursuant to Section 364(c)(1) of the Bankruptcy Code, having a priority over any and all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code, (ii) pursuant to Section 364(c)(2) of the Bankruptcy Code, a first priority, perfected senior Lien on, and security interest in the Collateral to the extent not subject to an existing lien, and (iii) pursuant to Section 364(d) of the Bankruptcy Code, a first priority perfected senior priming lien on, and security interest in, the Collateral which is subject to valid, enforceable, non-voidable and perfected Liens existing as of the Petition Date or which are perfected after the Petition Date as permitted by Section 546(b) of the Bankruptcy Code.

DENIED

6. The security interest and Liens granted to Stein hereunder pursuant to Sections 364(c) and 364(d) shall not be subject to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under Section 551 of the Bankruptcy Code, or subordinated to or made pari passu with any other lien or security interest under Section 364(d) of the Bankruptcy Code or otherwise.

7. The credit extended and loan made to the Debtor by Stein shall be and hereby is deemed to have been extended in good faith, as that term is used in §364(e) of the Bankruptcy Code. If any or all provisions of this Order are hereafter modified, vacated or stayed, such stay, modification or vacation shall not affect (i) the validity of any of the obligations incurred by the Debtor prior to Stein's receipt of written notice of the effective date of such stay, modification or vacation, or (ii) the validity, priority, or enforceability of the super-priority administrative claims or of the DIP Liens granted by this Order. Not withstanding any such stay, modification or vacation, any of the obligations incurred by the Debtor under this Order prior to Stein's receipt of written notice of the effective date of such stay, modification or vacation shall be governed in all respects by the original provisions of this Order, and Stein shall be entitled to all the rights, remedies, privileges and benefits granted by this Order with respect to all of the obligations incurred by the Debtor.

DENIED

8. The provisions of this Order shall be binding upon the Debtor, and its successors and assigns, to the extent allowed under applicable law and inure to the benefit of the Debtor, Stein, and Stein's successors and assigns. The provisions of this Order shall survive entry of any order that may be entered converting or dismissing this case, and the liens and claims granted herein shall maintain their priority as provided herein.

9. The Debtor is authorized and directed to perform and do all acts that are required in connection with this Order.

10. All obligations under this Order shall constitute obligations that are valid, binding and enforceable against the Debtor in accordance with their terms.

11. All further submissions with respect to the Motion and entry of the Final Order, if any, shall be filed in writing and in accordance with the Local Rules, with the Clerk of the

United States Bankruptcy Court for the District of Maryland. All such submissions shall be filed on or before [___________________________].

12. The Final Hearing on the Motion will be held on [_______________________] in Room 1B, 101 W. Lombard Street, Baltimore, Maryland 21201.

13. This Order shall be effective immediately upon entry by the Court.

14. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

END OF ORDER

CC: US Trustee
Citigroup Global Markets Realty Corp.
20 Largest Creditors

